## ALICE McLOUGHLIN v. PHILADELPHIA.

.APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 2 OF PHILADELPHIA COUNTY.

Argued April 10, 1891—Decided April 27, 1891.

Where the owner of a building abutting upon a city street was in the habit of keeping heavy window screens leaning unfastened against the front of his building, and the screens fell and injured a child on the sidewalk, the municipality was not liable for such injury.*

* Cf. Collins v. Leafey, 124 Pa. 203.

Before PAXSON, C. J., GREEN, CLARK McCOLLUM and MITCHELL, JJ.

No. 264 January Term 1891, Sup. Ct.; court below, No. 88 June Term 1888, C. P. No. 2.

On July 17, 1888, Alice McLoughlin, by her next friend Thomas McLoughlin, brought trespass against the city of Philadelphia, to recover for personal injuries received. Issue.

At the trial, on November 28, 1890, testimony was introduced to show that on April 17, 1888, at Nineteenth and Carpenter streets, the plaintiff, then a child of five years of age, was lawfully upon the sidewalk, in company with another child, and was injured by the falling upon her of certain iron-wire window screens, left upon the sidewalk by one T. W. Patchell, the proprietor of a cigar store. The screens, two together, had been leaning unfastened against the wall of the house. In the daytime, they were habitually kept standing against the wall, and at night were put upon the windows. A witness testified to finding the screens fallen upon the plaintiff, but there was no testimony showing the cause of their fall. The plaintiff was severely injured.

At the close of the plaintiff's testimony, the court, HARE, P. J., on his own motion entered a judgment of nonsuit, with leave, etc. A rule to show cause why the judgment should not be lifted having been argued, the rule was discharged; whereupon, the plaintiff took this appeal, assigning the orders entering said judgment and discharging said rule, for error.

*Mr. Francis G. Gallager*, for the appellant.

Counsel cited: Newlin Tp. v. Davis, 77 Pa. 317; Providence v. Clapp, 17 How. 161; Dillon on Mun. Corp., §§ 1012–1013; Norristown v. Moyer, 67 Pa. 355; Monongahela City v. Fischer, 111 Pa. 9; Fritsch v. Allegheny City, 91 Pa. 226; McLaughlin v. Corry, 77 Pa. 109; Scott Tp. v. Montgomery, 95 Pa. 444; North Manheim Tp. v. Arnold, 119 Pa. 380; Born v. Plankroad Co., 101 Pa. 334; West Chester R. Co. v. McElwee, 67 Pa. 311.

*Mr. Charles B. McMichael* and *Mr. Charles F. Warwick*, for the appellee, were not heard.

Statement of Facts.

In the brief filed, counsel cited: King v. Thompson, 87 Pa. 365; Burns v. Bradford City, 137 Pa. 361.

PER CURIAM:

There was nothing in this case to show any liability on the part of the city. The nonsuit was properly entered.

Judgment affirmed.